MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

WADE M. RHYNE (CABN 216799)
Assistant United States Attorney
    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3693
    FAX: (510) 637-3724
    Email: wade.rhyne@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID TUNG and<br>CONCORD FARMS, INC.,<br><br>    Defendants. | 4:14-cr-00611-JST<br>CASE NO. ~~CR-13-00055 JST~~<br><br>[~~PROPOSED~~] ORDER TO CONTINUE HEARING FROM MARCH 6, 2015 TO MARCH 20, 2015 AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT<br><br>Date: March 20, 2015<br>Time: 9:30 a.m. |

    The above-entitled matter is set before this Court on March 6, 2015 at 9:30 a.m. for status. At the Court's request and suggestion, the parties have jointly requested that the hearing be continued to March 20, 2015 at 9:30 a.m. and that the Court exclude time under the Speedy Trial Act between March 6, 2015 and March 20, 2015.

    Defendants David Tung and Concord Farms, Inc. are charged in an eleven-count indictment, returned on December 2, 2014, alleging one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and ten counts of wire fraud in violation of 18 U.S.C. § 1343.

    According to the parties, following the defendants' initial appearances before the magistrate

STIPULATION AND [~~PROPOSED~~] ORDER TO CONTINUE
CR-14-00611 JST

court, the United States produced voluminous discovery to the defendants.  This discovery was in addition to previously produced pre-indictment discovery.  Additionally, the United States recently sought an order from this Court to copy and produce grand jury transcripts as additional discovery.  The grand jury transcripts consist of evidence provided during the multi-month grand jury investigation that led to the captioned indictment.

In February 2015, this Court notified the parties that it would not be available to hold the March 6, 2015 status conference and ultimately confirmed March 20, 2015 at 9:30 a.m. as an alternate status conference date.

The parties agree that March 20, 2015 at 9:30 a.m. is a mutually available status conference date, and jointly request that the Court exclude time between March 6, 2015 and March 20, 2015.  In addition to working within the Court's available calendar days, the parties claims that the additional time is also necessary so that defense counsel may continue to review discovery, so that the parties may continue to jointly calculate an agreed-upon loss amount pursuant to U.S.S.G. § 2B1.1, and so that the defense can effectively prepare the case for further disposition.  The parties agree that additional time is necessary to accomplish these tasks.

On that basis, the parties jointly request that the Court continue the hearing to March 20, 2015 and that the Court exclude time under the Speedy Trial Act between March 6, 2015 and March 20, 2015. The parties agree that the extension is not sought for delay, and that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial. Therefore, the parties further stipulate and request that the Court exclude time between March 6, 2015 and March 20, 2015 under the Speedy Trial Act for effective preparation of defense counsel and pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv).

For these stated reasons, the Court finds that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendants in a speedy trial.  For good cause shown, and pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv), and **IT IS HEREBY ORDERED** that the hearing in this matter is continued from March 6, 2015 to March 20, 2015 at 9:30 a.m. and that time between March 6, 2015 and March 20, 2015 is excluded under the Speedy Trial Act

///

STIPULATION AND [PROPOSED] ORDER TO CONTINUE
CR-14-00611 JST

1  to allow for the effective preparation of defense counsel, taking into account the exercise of due
2  diligence.

3  **IT IS SO ORDERED.**

5  DATE: 2/19/15

_____
JON S. TIGAR
UNITED STATES DISTRICT JUDGE

STIPULATION AND [PROPOSED] ORDER TO CONTINUE
CR-14-00611 JST