BRIAN J. STRETCH (CABN163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

WADE M. RHYNE (CABN 216799)
Assistant United States Attorney
    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3693
    FAX: (510) 637-3724
    Email: wade.rhyne@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR-14-00611 JST |
| Plaintiff, | [PROPOSED] ORDER TO CONTINUE HEARING FROM SEPTEMBER 18, 2015 TO DECEMBER 4, 2015 AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT |
| v. | |
| | Date: December 4, 2015 |
| DAVID TUNG and CONCORD FARMS, INC., | Time: 9:30 a.m. |
| Defendants. | |

    The above-entitled matter was set before this Court on September 18, 2015 at 9:30 a.m. for status hearing. On September 3, 2015, the Court informed the parties that it would not be able to hold the hearing as scheduled. For that reason, and for additional reasons set forth in a joint stipulation, the parties requested that the hearing be continued to December 4, 2015 at 9:30 a.m. and that the Court exclude time under the Speedy Trial Act between September 18, 2015 and December 4, 2015.

    Defendants David Tung and Concord Farms, Inc. are charged in an eleven-count indictment, returned on December 2, 2014, alleging one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and ten counts of wire fraud in violation of 18 U.S.C. § 1343. Defendants David Tung

STIPULATION AND [PROPOSED] ORDER TO CONTINUE
CR-14-00611 JST     4

and Concord Farms, Inc. are also the subjects of a civil investigation being conducted by United States Customs and Border Protection ("CBP") regarding the same course of conduct that is the subject of the underlying indictment in this matter.

According to the parties, following the defendants' initial appearances before the magistrate court, the United States produced voluminous discovery to the defendants. This discovery was in addition to previously produced pre-indictment discovery. The discovery consists of customs broker documents, witness statements, financial records, and items seized from the defendants during search warrants—at Concord Farms and at Tung's residence—consisting of electronic data and entry files, among other things. Defense counsel also continues to review relevant discovery pertaining to CBP's parallel proceeding, including the defendants' internal financial records, all which is relevant to the United States' loss amount and the defendants' financial ability to pay a fine in both cases. The bulk of remaining outstanding discovery will be limited to supplemental discovery generated during trial preparation, in the unlikely event that the case fails to resolve.

Also according to the parties, since their previous submission to the Court, they have made strides in resolving both the criminal case and the parallel proceeding. As to the criminal case, the United States has offered written plea agreements to both defendants. The defendants are reviewing the terms of those plea agreements against the backdrop of their ongoing financial analysis. According to the defendants, their ability to plead guilty is, in part, dependent on a consistent resolution of related issues in the parallel proceeding, the parties require additional time. As to the parallel proceeding, all parties have met and conferred—in person—to analyze and discuss the remaining and related issues as to loss amount and the defendants' ability to pay a fine. To that end, the defendants have provided CBP with an offer to resolve those issues along with supporting financial documentation pertaining to their ability to pay a fine. According to the parties, CBP is in the process of reviewing the defendants' offer and the supporting documentation.

The parties claim that the additional time is necessary so that defense counsel may continue to review discovery, so that the parties may continue to jointly attempt to reach a global resolution of the matters, and so that the defense can effectively prepare the case for further disposition. The parties agree that additional time is necessary to accomplish these tasks.

1    On that basis, the parties jointly request that the Court continue the hearing December 4, 2015
2    and that the Court exclude time under the Speedy Trial Act between September 18, 2015 and December
3    4, 2015.  The parties agree that the extension is not sought for delay, and that the ends of justice served
4    by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial.
5    Therefore, the parties further stipulate and request that the Court exclude time between September 18,
6    2015 and December 4, 2015 under the Speedy Trial Act for effective preparation of defense counsel and
7    pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv).

8    For these stated reasons, the Court finds that the ends of justice served by granting the
9    continuance outweigh the best interests of the public and the defendants in a speedy trial.  For good
10   cause shown, and pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv), and **IT IS HEREBY**
11   **ORDERED** that the hearing in this matter is continued from September 18, 2015 at 9:30 a.m. and that
12   time between September 18, 2015 and December 4, 2015 is excluded under the Speedy Trial Act to
13   allow for the effective preparation of defense counsel, taking into account the exercise of due diligence.

14   The parties should be prepared to set both a trial date and motion hearing dates at the December
15   4 hearing.

16   **IT IS SO ORDERED.**

18   DATE: September 15, 2015                                      _____
19                                                                 JON S. TIGAR
                                                                   UNITED STATES DISTRICT JUDGE

STIPULATION AND [PROPOSED] ORDER TO CONTINUE
CR-14-00611 JST                                  6